*THE COMMISSIONERS OF CRAVEN v. THE ATLANTIC AND
NORTH CAROLINA RAILROAD COMPANY, and others.

This Court will not decide a question of great importance unless in a case
where such decision is necessary to protect some substantial right;
*Therefore,* where a conflicting question of jurisdiction arose between
the Superior Courts of two Counties in the matter of the appointment of
a Receiver for the defendant corporation, who pending the controversy
was duly elected President thereof; *Held,* that this Court without ex-
pressing an opinion should affirm the order below appealed from

MOTION in the Cause heard at Spring Term, 1877, of CRAVEN
Superior Court, before *Moore, J.*

In an action pending in Guilford Superior Court, an order
was made appointing John Hughes, Receiver of defendant
company, and the property thereof was delivered over to
him. This motion was made by the plaintiffs to remove
said Receiver upon the ground that Craven Superior Court
having first taken jurisdiction of the subject matter, had the
right to appoint the Receiver, and was entitled to unob-
structed control thereof as against any co-ordinate tribunal.
Upon the hearing the motion was refused and the plaintiffs
appealed.

*Messrs. W. N. H. Smith* and *D G. Fowle,* for plaintiffs.
*Messrs. Jones & Johnston* and *Merrimon, Fuller & Ashe,* and
*J. T. Morehead,* for defendants.

RODMAN, J. During the pendency of this action (the de-
cision in which is reported in this volume, *ante,* 289,, the plain-
tiffs moved in the Superior Court of Craven, for an order
removing John Hughes, who had been appointed Receiver
of the Railroad Company by the Judge of the Superior Court.

*Faircloth J. being a stockholder in defendant company did not sit on
the hearing of this case.

of Guilford, in an action begun in said Court by Julius Gray, and for the appointment of another Receiver in the place of Hughes. The motion was refused and the plaintiffs appealed to this Court.

The question whether the Superior Court of Guilford had jurisdiction to appoint a Receiver in the action begun by Gray, and had a legal ground for doing so, does not directly arise in this case, and need not be considered here. Whether, after such action by the Superior Court of Guilford, supposing it to have been within its jurisdiction, the Superior Court of Craven could remove the Receiver so appointed, and appoint another in his place by virtue of the jurisdiction previously acquired over the subject matter by the institution of this suit, is a question of very great importance, and which we are unwilling to decide unless in a case in which a decision is necessary to protect some substantial right. It is not necessary in this case, as it appears that after the appointment of Hughes, as Receiver, he was duly elected President of the Railroad Company, which office he still fills. If, therefore, this Court thought proper to decide the question, and decided it adversely to the continuance of Hughes in the receivership, the only result would be an order requiring him to turn over the property of the Company to himself as President.

For this reason, without expressing here any opinion upon the questions raised by the motion, we affirm the order of the Judge below refusing it.

Per Curiam.                     Judgment affirmed.